UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KEVIN BYNG,

                                Plaintiff,

          -v.-                              9:07-CV-471
                                                (GLS)(DRH)

JAMES L. CAMPBELL; ALBANY COUNTY SHERIFF'S
DEPARTMENT; CORRECTIONAL MEDICAL SERVICES,
INC.; DR. ROBNOWITZ; DR. SALZMAN; RICH, R.N.;
DEBBIE, R.N.; GLORIA COOPER; D. DELONG; and
M. ROSE,

                                Defendants.

**APPEARANCES:**                        **OF COUNSEL:**

KEVIN V. BYNG
07-A-3241
Fishkill Correctional Facility
P.O. Box 1245
Beacon, New York 12508

ROCHE, CORRIGAN LAW FIRM          ROBERT P. ROCHE, ESQ.
Attorney for Defendants Campbell and
   Albany County Sheriff's Department
36 South Pearl Street
Albany, New York 12207

THUILLEZ, FORD LAW FIRM             KAREN A. BUTLER, ESQ.
Attorney for Correctional Medical       KELLY M. MONROE, ESQ.
   Services, Inc. Defendants
20 Corporate Woods Boulevard
6th Floor
Albany, New York 12211

**DAVID R. HOMER**
**United States Magistrate Judge**

# MEMORANDUM-DECISION and ORDER

Presently pending are motions by plaintiff Kevin V. Byng ("Byng") to file a second

amended complaint, to compel a response to discovery, for court-appointed counsel, and for

a court-appointed expert witness.  Dkt. Nos. 74, 86, 93.

**I. Motion to Amend**

Byng seeks to amend his amended complaint to add several new causes of action and three new defendants.  Proposed Second Am. Compl. (Dkt. No. 74-4).  Defendants Correctional Medical Services, Inc., Cooper, Salzman, and Robnowitz (collectively "CMS") oppose the motion.  Dkt. No. 78.  Defendants Campbell, the Albany County Sheriff's Department, Delong, and Rose (collectively "County defendants") have not responded to the motion.   CMS argues that Byng's proposed second amended complaint should be denied because (1) Byng waived any right to privacy of his medical records when he initiated this lawsuit, (2) there is no private right of action under the Health Insurance Portability and Accountability Act ("HIPAA"), (3) the new proposed defendants did not violate any disciplinary rules, and (4) the proposed amendments are futile, fail to state a cause of action, and are unrelated to the underlying complaint.  Dkt. No. 79.  CMS also seeks sanctions against Byng for asserting frivolous legal arguments and factual allegations.  *Id*.

Fed. R. Civ. P. 15(a) provides that the Court should grant leave to amend "freely ... when justice so requires."  When exercising its discretion, a court must examine whether there has been undue delay, bad faith, or dilatory motive by the moving party. *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  A court must also examine whether there will be prejudice to the opposing party.  *See, e.g., Ansam Assocs. Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir.1985) (permitting proposed amendment would be especially prejudicial once discovery

was completed and a summary judgment motion filed). Finally, where it appears that granting leave to amend is unlikely to be futile, it is not an abuse of discretion to deny leave to amend. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993)(citations omitted).

Moreover, where new defendants are to be added, a court must also look to Fed. R. Civ. P. 21. Rule 21 states that a party may be added to an action "at any stage of the action and on such terms as are just." Rule 21 is "intended to permit the bringing in of a person, who through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable." *United States v. Commercial Bk. of N.A.*, 31 F.R.D. 133, 135 (S.D.N.Y. 1962) (internal quotations omitted). The addition of parties under Rule 21 is also guided by the same liberal standard applicable to a motion to amend under Rule 15. *Chilstead; Fair Housing Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972).

Byng's proposed second amended complaint seeks to add new claims against existing defendants Cooper, Salzman, and CMS as well as against three new defendants - Jill Harrington, CMS Director of Nursing; David E. Rook, a private attorney; and Thuillez, Ford, Gold, Butler & Young, LLP, a private law firm. Proposed Second Am.Compl.

### A. Cooper, Salzman, CMS, and Harrington

Byng alleges that Cooper, Salzman, and CMS violated his rights under the Ninth Amendment to the United States Constitution, as well as under state law, when they made unauthorized disclosure of his medical records in violation of his privacy rights. *See* Proposed Second Am. Compl. (Fourth Cause of Action). Byng further alleges that CMS,

3

Cooper, and Harrington violated his rights under the Fourteenth Amendment as well as under state law when they made unauthorized disclosure of Byng's medical records in violation of Byng's privacy rights.  *See Id.* (Fifth and Sixth Causes of Action).  The claims asserted in these causes of action appear facially sufficient and, therefore, Byng's motion to amend is granted with respect to his proposed Fourth, Fifth, and Sixth Causes of Action and as to adding Jill Harrington, CMS Director of Nursing, as an additional defendant.

### B. Rook and the Thuillez Ford Law Firm

Byng alleges that David E. Rook, Esq. and the Thuillez, Ford law firm violated his rights under the Fourteenth Amendment and state law when they made unauthorized disclosure of Byng's medical records in violation of his privacy rights.  *See id.* (Seventh Cause of Action).  Byng also appears to allege that Rook and Thuillez Ford violated the New York State Code of Professional Responsibility, N.Y. Jud. Law app.

Byng brings this action pursuant to 42 U.S.C. §1983.  Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (holding that § 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.") (citation omitted).  Parties may not be held liable under § 1983 unless it can be established that they have acted under the color of state law.  *See, e.g., Rounseville*

4

*v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, No. 92-CV-4288, 1992 WL 380914 (S.D.N.Y., Dec. 10, 1992) (same) (citations omitted). State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady,* 862 F. Supp. 774, 776 (N.D.N.Y. 1994)) (McAvoy, C.J.) (citation omitted)).

Rook and Thuillez Ford are private attorneys not amenable to suit under § 1983. *See Krug v. McNally*, 488 F. Supp. 2d 198, 200 (N.D.N.Y. 2007) (holding that private attorneys are not state actors); *Sullivan v. Stein*, No. Civ. 3:03 CV 1203, 2004 WL 1179351, at *10 (D. Conn. May 21, 2004)(citations omitted)(holding that private attorneys do not act under color of state law and are not state actors simply by virtue of their state-issued licenses to practice law). Byng thus fails to state a claim under § 1983 against Rook or Thuillez Ford.

To the extent that Byng attempts to assert claims against Rook and Thuillez Ford based upon an alleged violation of the New York Code of Professional Responsibility, this contention also fails to state a claim upon which relief may be granted. The Code of Professional Responsibility does not provide for a private right of action. *Jones v. J.C. Penney's Dept. Stores, Inc.*, No. 03-CV-0920A, 2005 WL 1313442, at *3 (W.D.N.Y. May 31, 2005)(citing *Daniel v. Safir,* 135 F. Supp. 2d 367, 377 (E.D.N.Y.2001) (observing that no private right of action exists under the Code of Professional Responsibility and citing *Kantor v. Bernstein,* 640 N.Y.S.2d 40, 42 ( 1st Dep't 1996) ( "there is no private right of action for a violation of the Code of Professional Responsibility")).

Since Byng has failed to state a claim against either Rook or the Thuillez Ford upon

5

which relief may be granted, Byng's motion to amend is **denied** as futile with respect to the Seventh Cause of Action. Byng's request to add Rook and Thuillez Ford as defendants is also **denied**.

### C. HIPAA Claims

CMS argues that Byng fails to state a claim pursuant to HIPAA.[1] Dkt. No. 79 at 8-10. HIPAA does not provide for a private cause of action, express or implied. *See Pecou v. Forensic Comm. Personnel*, No. 06-CV-3714, 2007 WL 1490450, at *2 (E.D.N.Y. Jan. 5, 2007) ("Congress did not intend to create a private right of action through which individuals can enforce HIPAA's provisions") (citing *Barnes v. Glennon,* No. 05-CV-0153, 2006 WL 2811821, at *5 (N.D.N.Y. Sept. 28, 2006) ("No where does this statute, either explicitly or implicitly, confer to private individuals a right of enforcement."); *University of Colorado Hosp. Auth. v. Denver Publ'g Co.,* 340 F. Supp. 2d 1142, 1144 (D. Colo. 2004) (finding no evidence that Congress intended to create a private right of action under HIPAA). Thus, to the extent that any of the claims contained in the proposed Second Amended Complaint could be construed as claims pursuant to HIPAA*,* those portions of Byng's motion are **denied** as futile.

### D. Defendants' Request for Sanctions

In response to Byng's motion to amend, CMS asks the Court to impose sanctions against Byng "pursuant to Rule 11 of the Federal Rules of Civil Procedure for the dismissal of

---

[1] Byng states that he "is well aware that in order to recover damages, the action [under HIPAA] must be pursued by the Secretary of the U.S. Dept. of Health and Human Services...." Dkt. No. 92 at 14.

6

his Amended Complaint, or, alternatively, for an Order preventing the *pro se* litigant from pursuing any further federal court action with respect to his alleged claims as stated in his Amended Complaint. . . ." Dkt. No 78. No basis appears for such relief, particularly in light of Byng's *pro se* status. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006). Defendants' request for sanctions is denied.

## II. Motion to Compel

**Byng** has served multiple sets of discovery demands upon the defendants including a request for production of documents (RFP) dated November 30, 2006, interrogatories dated November 30, 2007, requests for admission dated February 27, 2008, and a revised RFP dated March 3, 2008. *See* Dkt. No. 86 at 4. In his motion to compel, Byng seeks a response to various discovery requests as discussed below.

### A. Requests Addressed to the County
### 1. Requests for Production of Documents

Byng seeks a response from the County to requests 1 through 5 of his November 30, 2007 RFP, as modified by Byng's revised RFP dated March 3, 3008. Dkt. No. 86 at 7, 9, 18. The County has not responded to Byng's motion to compel and, therefore, it is difficult to determine whether the County has complied with document requests 1 through 5.[2]

Byng's motion to compel is granted with respect to requests 1 through 5 of the

---

[2] The County has, however, recently advised that they are working with Byng to provide documents that Byng has requested. *See* Dkt. No. 95.

document requests as served on the County and the County shall, **within thirty days**, serve a response to document requests 1 through 5, as revised by Byng on March 3, 2008. *See* Dkt. No. 86 at 9, 18. **Within forty-five days**, the County shall also file a report with the Court, with a copy to Byng, describing their compliance with this Order.

### 2. Requests for Admission

Byng seeks responses from the County to his February 27, 2008 requests for admission, numbers 5, 12(a), 13, 14, 15, and 16. Dkt. No. 86 at 7. When serving requests for admission pursuant to Fed. R. Civ. P. 36,

> [t]he "requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny, without an explanation for purposes of clarification." *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003). A responding party may object to a request and 'set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.' *Herrera v. Scully*, 143 F.R.D. 545, 548 (S.D.N.Y.1992).

*DeBlasio v. Novello*, No. 01 Civ. 4498, 2006 WL 1409651, at *1 (S.D.N.Y. May 17, 2006).

The Court has reviewed Byng's requests for admission in conjunction with the County's responses thereto. Since many of Byng's requests for admission are not stated in "such a manner that they can be answered with a simple admit or deny without an explanation for purposes of clarification," the County's responses are proper in these circumstances.[3] Moreover, some of the requests are directed to defendant Rose, who has not been served

---

[3] For example, request 16 asks the County to admit "to the authenticity and accuracy of all Exhibits (A-F), and all other documents, totaling four hundred pages (406) that have been sent, properly served, on time to both Mr. Robert P. Roche and Mr. David E. Rook, attorneys for all Defendants, in accordance with Judge Homer's Pretrial Scheduling Order dated September 25, 2007 in complying with discovery." Dkt. No. 86 at 17.

8

with process nor appeared in this action. *See* Dkt. No. 86 at 16-17 (requests 13, 14, 15). This aspect of Byng's motion to compel is **denied**.

### 3. Interrogatories

Byng seeks a response from the County to interrogatory number 4, which asks for the name, home address and home telephone number of the Albany County Sheriff's Department officer that worked on cell block 3-West Tier from 3:00 p.m. to 11:00 p.m. with Officer Rose on May 23, 2007. Dkt. No. 86 at 7, 11. The County shall serve Byng with the **name** of the aforesaid officer **within thirty days** and indicate whether that officer remains employed by the Albany County Sheriff's Department. Byng's request for the further information is denied as it would require disclosure of identifying information which might unnecessarily jeopardize the safety of a law enforcement officer and his family.

### B. Requests Addressed to CMS

Byng first seeks copies of "all HIPAA/Release of Information type forms Plaintiff signed for CMS, Inc. in the ACCF [Albany County Correctional Facility] from February 12 to June 12, 2007." Dkt. No. 86 at 7. While not entirely clear, it appears this item in part relates to request 6 of Byng's RFP, where he seeks copies of Release of Information requests he signed at the ACCF medical unit between February 12 to June 12, 2007. Dkt. No. 88-3 at 4. In response, CMS indicates that "[t]hese documents are contained in the inmate's medical record." *Id*. Byng is entitled to copies of the realeases. Thus, if Byng has been provided with copies of the medical records, CMS shall identify where in those records the releases are found. If

9

Byng has not been provided with the records, CMS shall provide copies of such releases to Byng. CMS shall complete such disclosure within thirty days.

Byng also seeks "all incoming/outgoing FAX cover sheets related to (but not limited to) obtaining Plaintiff's medical records from St. Peter's Hospital and Albany Medical Center from January 31, 2007 to June 12, 2007." *Id*. Such requested documents may lead to the discovery of admissible evidence. Therefore, Byng's motion to compel is **granted** and CMS shall provide any such copies within thirty days.

Next, Byng seeks the full name, home address, and home telephone number of the CMS nurse that dispensed medication on May 23, 2007 during the 3 - 11 p.m. shift on 3-West Tier. Dkt. No. 86 at 7. CMS has provided Byng with the full name of the nurse, who they indicate is a former employee but "were not able to provide the address and/or telephone number due to security and privacy concerns." Dkt. No. 88 at 4. CMS has adequately responded to this request and this aspect of Byng's motion to compel is **denied**.

Finally, Byng asks for "all Albany Medical Center records pertaining to Plaintiff's March 2005 liver biopsy including all incoming/outgoing FAX cover sheets and all papers included with each FAX." Dkt. No. 86 at 7, 9. CMS responds that the Albany Medical Center records were previously disclosed to Byng by way of a Supplemental Response to Rule 34 Demand. Dkt. No. 88 at 2; Dkt. No. 88-2 at 2. CMS indicates, however, that the Albany Medical Center records contained redactions made by Albany Medical Center "to prevent the disclosure of non-authorized information (e.g., mental health information, which Byng had not authorized). Dkt. No. 88 at 2-3. Further, CMS objects to production of fax cover sheets as irrelevant, immaterial, not reasonably calculated to lead to the discovery of admissible evidence, and

10

because they constitute attorney work product. *Id*. at 3-4. CMS has substantially complied with Byng's request for the Albany Medical Center liver biopsy report and the fax cover sheets are not relevant to the underlying claims or likely to lead to the production of admissible evidence. Therefore, this aspect of Byng's motion to compel is **denied**.[4]

### III. Appointment of Counsel

Byng has also submitted a renewed request for appointment of counsel. Dkt. No. 93. Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. If so, the court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F.Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

---

[4] If Byng wishes to obtain unredacted copies of his medical records from Albany Medical Center, he must provide Albany Medical Center with the appropriate authorization for their release.

A review of the file in this matter reveals that the issues in dispute -- whether Byng was denied medical care in deliberate indifference to his medical needs, retaliated against for filing complaints, subjected to excessive force, or denied his right to medical privacy -- are not so complex as to prevent Byng from addressing them. While Byng poses a number of factors which he believes warrant appointment of counsel at this time, including various medical and mental health issues, his incarceration, and his lack of legal expertise, these are circumstances faced by many incarcerated *pro se* plaintiffs and do not, in and of themselves, warrant appointment of counsel.

Furthermore, it appears that, to date, Byng has been able effectively to litigate this action.  He has conducted extensive discovery, filed a complex motion to amend and a motion to compel, and has responded to defendants' motion to dismiss.  While it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial of this matter, as is the case in many actions brought under § 1983 by *pro se* litigants, "this factor alone is not determinative of a motion for appointment of counsel."  *Velasquez*, 899 F.Supp. at 974.  Finally, this Court is unaware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.  The Court therefore finds that, based upon the existing record in this case, appointment of counsel is unwarranted.  Byng may only file another motion for appointment of counsel in the event he can demonstrate that, in light of <u>specific</u> changed circumstances, consideration of the above factors warrants the granting of such an application.

Case 9:07-cv-00471-GLS-DRH   Document 99   Filed 10/20/08   Page 13 of 15

**IV. Court-Appointed Medical Expert**

Byng asks for a court-appointed medical expert to assist in the prosecution of his action.  Dkt. No. 93.  Pursuant to Fed. R. Evid. 706, a court may, on its own motion or on a motion by any party, appoint an expert witness.  The determination to appoint an expert rests solely in the Court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the Court's need for a neutral, expert view.  *See Polanco v. Pabon v. Goord*, No. 99 Civ. 5869, 2001 WL 856601 (S.D.N.Y. July 30, 2001)).  The appointment of an expert pursuant to Rule 706 is not intended to further partisan interests of any party, but to aid the Court, through the services of an impartial expert in its assessment of technical issues.

In addition, as was noted in *Polanco*, the Court must also be concerned with the substantial expense associated with appointing experts.  In this regard, the mere fact that Byng has been permitted to proceed with this action *in forma pauperis* entitles him only to the right to proceed without prepayment of filing fees and the cost of service.  *See* N.D.N.Y.L.R. 5.4(a) ("The granting of an in forma pauperis application shall in no way relieve the party of the obligation to pay all other fees for which such party is responsible regarding such action, including, but not limited to, copying and/or witness fees.")

Under the circumstances, the Court is unable to find, at this time, that the appointment of an expert medical witness is warranted pursuant to Rule 706(a).  "As a general matter, such measures should be taken sparingly, particularly given the large volume of cases in which indigent prisoners allege the improper deprivation of medical care, and the substantial expense that defendants may have to bear if the Court does appoint an expert." *Pabon*, 2001

13

WL 856601, at *2.

Accordingly, Byng's motion for appointment of a medical expert is **denied** without prejudice to renew before the trial judge once this matter is set for trial.

**WHEREFORE**, it is hereby

**ORDERED**, that Byng's motion:

    1.  For leave to file a second amended complaint (Dkt. No. 74) is **GRANTED** with respect to the Fourth, Fifth and Sixth Causes of Action and the addition of defendants Jill Harrington and **DENIED** with respect to the Seventh Cause of Action and the addition of defendants David E. Rook and Thuillez, Ford, Gold, Butler and Young, LLP.  Byng shall file and serve a second amended complaint adding these claims and defendant Harrington within thirty days;

    2. To compel (Dkt. No. 86) is **GRANTED in part and DENIED in part** as set forth above;

    3. For appointment of counsel (Dkt. No. 93) is **DENIED** without prejudice to renew as noted above; and

    4. For a court appointed medical expert witness (Dkt. No. 93) is **DENIED** without prejudice; and

**IT IS FURTHER ORDERED** that Byng provide the Court with a copy of his second amended complaint as filed and a completed USM-285 form for service on defendant Harrington, and upon receipt from Byng of such documents required for service of process,

the Clerk shall issue a summons and forward it, along with a copy of the second amended complaint, to the United States Marshal for service upon defendant Harrington

**IT IS SO ORDERED.**

DATED:  October 20, 2008
          Albany, New York

_____
David R. Homer
U.S. Magistrate Judge

15