**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KEVIN V. BYNG,**

                              **Plaintiff,**              **No. 9:07-cv-471**
                                                          **(GLS/DRH)**

              **v.**

**JAMES L. CAMPBELL,** Sheriff of Albany
County, *et al.*,

                              **Defendants.**
_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Kevin V. Byng
*Pro Se*
1213 Court Street
Utica, NY 13502

**FOR THE DEFENDANTS:**

ROBERT P. ROCHE, ESQ.
Attorney for Defendants Campbell,
Albany County Sheriff's Department,
D. Delong, and M. Rose
36 South Pearl Street
Albany, NY 12207

Thuillez, Ford Law Firm            KAREN A. BUTLER, ESQ.
Attorney for Defendants Correctional   KELLY M. MONROE, ESQ.
Medical Services, Dr. Robnowitz,   WILLIAM C. FIRTH, ESQ.
Dr. Salzman, Rich, Debbie,
Gloria Cooper, and Jill Harrington

20 Corporate Woods Boulevard
6th Floor
Albany, NY 12211-1715


**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I.  Introduction

The above-captioned matter comes to this court following an order by

Magistrate Judge David R. Homer, filed March 20, 2009, denying plaintiff

Kevin Byng's motion for appointment of counsel, and a Report and

Recommendation Order (R&R) by Judge Homer, filed March 4, 2009.  (Dkt.

Nos. 145, 152.)  The R&R[1] recommended that Byng's motion to dismiss

this action without prejudice (Dkt. No. 132) be denied.  Pending are Byng's

appeal from an order denying appointment of counsel (Dkt. No. 154) and

objections to the R&R (Dkt. Nos. 149, 150) .  For the reasons that follow,

the court (1) affirms Judge Homer's order denying Byng's renewed motion

for appointment of counsel and (2) adopts Judge Homer's R&R as to

Byng's motion to dismiss this action without prejudice under Rule 41(a)(1)

---

[1]The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

of the Federal Rules of Civil Procedure (FRCP).  The court further orders
that Byng's motion for voluntary dismissal without prejudice under FRCP
41(a)(2) is denied.

## II.  Background

Kevin Byng, a former New York State prison inmate, commenced this
action on May 2, 2007, pursuant to 42 U.S.C. § 1983.  (*See* Compl., Dkt.
No. 1.)  On February 9, 2009, Byng moved to dismiss without prejudice
under FRCP 41(a).  (Dkt. No. 132.)  And on March 12, 2009, Byng sought
appointment of counsel under 28 U.S.C. § 1915(e).  (Dkt. No. 151.)
Defendants opposed Byng's motion to dismiss and refused to stipulate to
dismissal unless it is with prejudice.  (Dkt. Nos. 133, 135, 139.)

On March 4, 2009, Judge Homer recommended that Byng's motion
to dismiss this action without prejudice be denied.  (Dkt. No. 145.)  On
March 20, 2009, Judge Homer denied Byng's motion for appointment of
counsel without prejudice, to renew at the time of trial.  (Dkt. No. 152.)  The
court now turns to Byng's objections to the March 4, 2009 R&R and appeal
from the March 20, 2009 order.  (Dkt. Nos. 149, 150, 154.)

## III.  Discussion

## A.    Order Denying Appointment of Counsel

3

In deciding non-dispositive pretrial issues, magistrate judges in this

district are afforded the broadest discretion, and will be reversed only when

that discretion is abused.  *See Miller v. Loughren*, 258 F. Supp. 2d 61, 61

(N.D.N.Y. 2003) (citation omitted).  This court will modify or set aside any

portion of the magistrate judge's non-dispositive order only if it is found to

be "clearly erroneous or contrary to law."  F ED. R. CIV. P. 72(a); *see also* 28

U.S.C. § 636(b)(1)(A); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d

522, 525 (2d Cir. 1990).  Finding Judge Homer's order denying plaintiff's

renewed motion for appointment of counsel not an abuse of discretion,

clearly erroneous, or contrary to law, it is affirmed.

**B.    Report and Recommendation Order**

Before entering final judgment, this court routinely reviews all report

and recommendation orders in cases it has referred to a magistrate judge.

If a party has objected to specific elements of the magistrate judge's

findings and recommendations, this court reviews those findings and

recommendations de novo.  *See Almonte v. N.Y. State Div. of Parole,* No.

04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those

cases where no party has filed an objection, or only a vague or general

objection has been filed, this court reviews the findings and

4

recommendations of a magistrate judge for clear error. *See id.*

Byng filed both an objection and a supplemental objection to Judge Homer's R&R. (Dkt. Nos. 149, 150.) Byng's objections are non-specific and unrelated to the R&R, and fail to address Judge Homer's recommendations regarding FRCP 41(a)(1). Thus, upon review for clear error, the R&R correctly concluded that Byng's motion to dismiss this action without prejudice under FRCP 41(a)(1)(A)(ii) be denied.

## C.    FRCP 41(a)(2)

Byng argues that dismissal without prejudice should be granted under FRCP 41(a)(2). Absent a stipulation of dismissal by all parties, FRCP 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." In ruling on a motion to dismiss without prejudice, the factors a court may consider include: "the plaintiff's diligence in bringing the motion; any undue vexatiousness on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990) (citations and internal quotation marks omitted).

5

Byng's explanation for the need to dismiss is inadequate.  It is based solely on his "incarcerated pro se status," "medical [and] mental health illnesses and medication," and entry into a "parole/restricted treatment program" with limited access to legal materials and assistance.  (*See* Dkt. No. 132.) Moreover, this action has been pending for over two years and "defendants have expended a tremendous amount of time and resources in defending this action to date including . . . the retention of several experts."  (*See* Def. Mem. of Law at 2, Dkt. No. 135.)  Therefore, for the reasons outlined by defendants, (*see id.* at 2-3), and for Byng's failure to provide an adequate explanation for dismissal without prejudice, (*see* Dkt. Nos. 132, 138, 149, 150), Byng's motion for dismissal under FRCP 41(a)(2) is denied.

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Homer's March 20, 2009 order denying Byng's motion for appointment of counsel is **AFFIRMED**; it is further

**ORDERED** that Magistrate Judge Homer's March 4, 2009 Report and Recommendation Order is adopted and Byng's motion to dismiss this action without prejudice under FRCP 41(a)(1) is denied; and it is further

6

**ORDERED** that Byng's motion to dismiss this action without prejudice under FRCP 41(a)(2) is denied; and it is further

**ORDERED** that the Clerk provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED**.

Albany, New York
September 28, 2009

_____
United States District Court Judge