**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KEVIN V. BYNG,**

                      **Plaintiff,**                          **No. 9:07-cv-471**
                                                          **(GLS/DRH)**
                  **v.**

**JAMES L. CAMPBELL,** et al.,

                      **Defendants.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Kevin V. Byng
Pro se
P.O. Box 756
Utica, NY 13503

**FOR THE DEFENDANTS:**
*County Defendants*
Office of Robert P. Roche                 ROBERT P. ROCHE, ESQ.
36 South Pearl Street
Albany, NY 12207

*CMS Defendants*
Thuillez, Ford Law Firm                   KAREN A. BUTLER, ESQ.
20 Corporate Woods Boulevard       KELLY M. MONROE, ESQ.
6th Floor                                             WILLIAM C. FIRTH, ESQ.
Albany, NY 12211-1715

**Gary L. Sharpe**
**District Court Judge**

## **MEMORANDUM-DECISION AND ORDER**

## I. **Introduction**

Pro se plaintiff Kevin Byng, formerly incarcerated at the Albany County Correctional Facility, brings this action under Title II of the ADA,[1] § 504 of the Rehabilitation Act,[2] and 42 U.S.C. § 1983.  (*See* 2d Am. Compl. ¶ 20, Dkt. No. 100.)  Byng alleges that defendants, Albany County Sheriff's Department and three of its employees, and Correctional Medical Services, Inc. (CMS) and five of its employees, violated his rights under the Eighth, Ninth, and Fourteenth Amendments.  (*See id.*)  CMS defendants and County defendants filed motions for summary judgment.  (Dkt. Nos. 112, 125.)  Byng subsequently moved to strike certain affidavits submitted by County defendants. (Dkt. No. 194.)  In a Report-Recommendation and Order (R&R) filed on October 13, 2009, Magistrate Judge David R. Homer denied Byng's motion to strike and recommended that CMS defendants' motion should be granted, and that County defendants' motion should be granted in part and denied in part.  (Dkt. No. 199.)[3]  Pending are County

---

[1] Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

[2] 29 U.S.C. § 794.

[3] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

defendants' objections to the R&R, (Dkt. No. 202), and Byng's objections to the R&R and responses to defendants' objections, (Dkt. Nos. 201, 204, 205, 208). For the reasons that follow, the R&R is adopted in its entirety.

## II. Discussion[4]

### A. Order Denying Motion to Strike

In deciding non-dispositive pretrial issues, magistrate judges in this district are afforded the broadest discretion, and will be reversed only when that discretion is abused. *See Miller v. Loughren*, 258 F. Supp.2d 61, 61 (N.D.N.Y. 2003) (citation omitted). This court will modify or set aside any portion of the magistrate judge's non-dispositive order only if it is found to be "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). Because Judge Homer's denial of plaintiff's motion to strike the County defendants' affidavits was not an abuse of discretion, clearly erroneous, or contrary to law, it is affirmed.

### B. Report-Recommendation and Order

Before entering final judgment, this court routinely reviews all report

---

[4] The court incorporates the factual recitations contained in Judge Homer's R&R. (*See* R&R at 3-14, Dkt. No. 199.)

3

and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo. *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006) (italics omitted). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews a magistrate judge's findings and recommendations for clear error. *See id.*

### 1. County Defendants' Objections

County defendants object to Judge Homer's finding that questions of material fact remain regarding whether Byng's failure to exhaust his administrative remedies is excusable and whether Delong and Rose used excessive force against Byng. (*See generally* Dkt. No. 202.) However, these objections amount to no more than misconstructions and misapplications of well-established law. While County defendants seek judgments as to credibility and weight and engage in an existential discussion of "proof" and "fact," they forget that "[c]redibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge ...." *Anderson v. Liberty*

4

*Lobby, Inc.*, 477 U.S. 242, 255 (1986).  Accordingly, having reviewed Judge Homer's recommendations regarding exhaustion and excessive force for clear error, and finding none, the court concludes that summary judgment on the claim of excessive force against Delong and Rose would be unwarranted at this juncture.

**2.    Byng's Objections**

Byng has filed several submissions which the court will treat as serial objections to Judge Homer's R&R.  (*See* Dkt. Nos. 201, 204, 205, 208.)  However, Byng's objections either contest inconsequential aspects of Judge Homer's factual findings, or are non-specific, conclusory,[5] and fail to address the recommendations.  Thus, upon review of the R&R for clear error, the court finds that Judge Homer correctly concluded that the remaining claims—minus the excessive force claim—against the CMS and County defendants should be dismissed.

In closing, the court is satisfied that the remainder of the R&R

---

[5]In response to Byng's continued opposition to the kind of treatment he received, the court reiterates that "[m]ere disagreement over proper treatment does not create a constitutional claim ... [s]o long as the treatment is adequate ...."  *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (citation omitted); *see also Sonds v. St. Barnabas Hosp. Corr. Health* Servs., 151 F. Supp.2d 303, 312 (S.D.N.Y. 2001) ("[D]isagreements over medications, diagnostic techniques ..., forms of treatment, or the need for specialists ... are not adequate grounds for a Section 1983 claim.").

contains no clear error.

## III. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Homer's order denying Byng's motion to strike is **AFFIRMED**; and it is further

**ORDERED** that Magistrate Judge Homer's October 13, 2009 Report-Recommendation and Order is adopted; and it is further

**ORDERED** that CMS defendants' motion for summary judgment (Dkt. No. 112) is **GRANTED** and Byng's claims against CMS defendants are **DISMISSED** and Correctional Medical Services, Inc., Dr. Robinowitz, Dr. Salzman, Rich, Debbie, Gloria Cooper, and Jill Harrington are hereby terminated from this action; and it is further

**ORDERED** that County defendants' motion for summary judgment (Dkt. No. 125) is **DENIED** in part as to Byng's claim against D. Delong and M. Rose for excessive force; and it is further

**ORDERED** that County defendants' motion for summary judgment (Dkt. No. 125) is **GRANTED** insofar as Byng's remaining claims against County defendants are **DISMISSED** and James Campbell and Albany County Sheriff's Department are hereby terminated from this action; and it

is further

      **ORDERED** that the Clerk provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED**.

February 24, 2010
Albany, New York

_____
United States District Court Judge